1 | MATTHEW W. CLOSE (S.B. #188570)
2 | mclose@omm.com
  | WILLIAM K. PAO (S.B. #252637)
3 | wpao@omm.com
  | DANIEL J. TULLY (S.B. #309240)
4 | dtully@omm.com
  | O'MELVENY & MYERS LLP
5 | 400 South Hope Street
  | Los Angeles, CA 90071–2899
6 | Telephone:   (213) 430-6000
7 | Facsimile:    (213) 430-6407

8 | Attorneys for Defendant Bank of
9 | America Corporation

10

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | WAYNE T. EVANS,                        Case No. CV _____

14 |              Plaintiff,               **NOTICE OF REMOVAL OF**
  |                                        **DEFENDANT BANK OF**
15 |       v.                              **AMERICA CORPORATION**
  |                                        **PURSUANT TO 28 U.S.C. § 1441**
16 |
  | BANK OF AMERICA                        **Los Angeles County Superior Court**
17 | CORPORATION; and DOES 1–100,          **Case No. KC069722**
  | inclusive,
18 |
19 |              Defendants.              Complaint Served: October 18, 2017
  |                                        Removal Date:  November 17, 2017
20

21

22

23

24

25

26

27

28

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2  **CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

3     **PLEASE TAKE NOTICE** that Defendant Bank of America Corporation

4  ("BAC") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and

5  1446, from the Superior Court for the State of California for the County of Los

6  Angeles to the United States District Court for the Central District of California.

7  Removal is proper because this Notice is timely filed within thirty days of

8  Defendant's receipt of the initial pleading, 28 U.S.C. § 1446(b)(1), and this Court

9  has original jurisdiction over this action because Plaintiff and Defendant are

10 citizens of different states and because the amount in controversy of the underlying

11 matter exceeds $75,000, 28 U.S.C. § 1332.

12        **PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

13     1.     On October 18, 2017, Plaintiff Wayne T. Evans ("Plaintiff")

14 commenced this action by filing a Complaint in the Superior Court for the State of

15 California for the County of Los Angeles captioned *Wayne T. Evans v. Bank of*

16 *America Corporation, et . . . al, Does 1-100, inclusive*, No. KC069722.

17     2.     Plaintiff's Complaint alleges that Defendant Bank of America

18 Corporation engages in purportedly unfair and deceptive business practices in

19 connection with its assessment and collection of overdraft fees.[1]  *See generally*

20 Compl., ¶¶ 2–44.

21     3.     Plaintiff alleges causes of action against BAC for: (i) breach of

22 contract, including breach of the implied covenant of good faith and fair dealing;

23 (ii) unjust enrichment; (iii) conversion; and (iv) punitive damages.  *Id.*, ¶¶ 45–75.

24

---

25 [1] The Complaint erroneously names BAC as defendant in this action.  Plaintiff held
his deposit accounts with Bank of America, N.A. ("BANA"), a nationally chartered
26 banking institution and indirect subsidiary of BAC.  Plaintiff executed deposit
agreements related to those accounts with BANA, and was charged the overdraft
27 fees by BANA.  By removing this action, BAC does not waive, and explicitly
reserves, any and all rights to correct Plaintiff's erroneous naming of BAC in this
28 action.

NOTICE OF REMOVAL OF DEF.
BANK OF AMERICA CORP.

4.     Plaintiff prays for injunctive relief enjoining BAC from charging overdraft fees, damages arising from BAC's purported breach of contract, and disgorgement of all overdraft fees paid to BAC by Plaintiff.  *Id.* at 17 (Prayer for Relief).

5.     While BAC was first served with the Summons and Complaint through its designated agent for service of process on October 23, 2017, the parties agreed to treat BAC as served on October 18, 2017.

6.     This Notice of Removal is timely because it is filed within thirty days of the agreed-upon service date of October 18, 2017.  *See* 28 U.S.C. § 1446(b).

## JURISDICTION AND BASIS FOR REMOVAL

7.     This action is removable pursuant to 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction.

8.     This Court possesses original diversity jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### The Parties Are Completely Diverse

9.     For purposes of removal based on diversity, an individual's citizenship is determined by his domicile, i.e., his "permanent home, where []he resides with the intention to remain or to which []he intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) ("[A] person is 'domiciled' [for purposes of diversity] in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'").

10.     In his Complaint, Plaintiff alleges that he is a citizen of the State of California.  *See* Compl., ¶ 7.

11.     For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the

NOTICE OF REMOVAL OF DEF.
BANK OF AMERICA CORP.

1   State or foreign state where it has its principal place of business."  28 U.S.C.

2   § 1332(c)(1).  "The term 'principal place of business' means 'the place where a

3   corporation's officers direct, control, and coordinate the corporation's activities.'"

4   *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 WL 4337059, at *3

5   (C.D. Cal. July 15, 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93

6   (2010)).

7          12.    BAC is a Delaware corporation with its principal place of business in

8   North Carolina.  Accordingly, BAC is a citizen of Delaware and North Carolina for

9   diversity purposes.  *See, e.g.*, *Sun v. Bank of America Corp.*, No. SACV 10-0004

10  AG (MLGx), 2010 WL 454720, at *1 (C.D. Cal. Feb. 8, 2010); *Hill v. Bank of*

11  *America Corp.*, No. Civ.A. 1:06-CV-804GE, 2006 WL 1518874, at *1 (N.D. Ga.

12  May 30, 2006).

13         13.    Because Plaintiff and BAC are not citizens of the same state, complete

14  diversity exists.[2]

15              **The Amount In Controversy Exceeds $75,000**

16         14.    The "amount in controversy is determined from the face of the

17  pleadings."  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir.

18  2000).  In calculating the amount placed in controversy in a particular action, courts

19  properly consider the value of injunctive relief sought in the complaint.  *Hunt v.*

20  *Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).  In

21  valuing injunctive relief in an individual action, courts may look to the "pecuniary

22

23  _____

24  [2] The same result would follow even if Plaintiff had named BANA in this action.
    BANA is a federally chartered national banking association formed and existing
25  under the laws of the United States.  "A national bank . . . is a citizen of the State in
    which its main office, as set forth in its articles of association, is located."
26  *Deutsche Bank Nat'l Trust Co. v. Antonino*, No. CV 11-10201 MMM (PLAx), 2012
    WL 893734, at *2 (C.D. Cal. Mar. 15, 2012).  BANA's main office, as set forth in
27  its articles of association, is in North Carolina.  Accordingly, BANA is a citizen of
    North Carolina for diversity purposes.  *See, e.g.*, *Jenkins v. Bank of America, N.A.*,
28  No. CV 14-04545 MMM (JCx), 2015 WL 331114, at *5 (C.D. Cal. Jan. 26, 2015).

NOTICE OF REMOVAL OF DEF.
BANK OF AMERICA CORP.

result to either party which the judgment would directly produce."[3]  *In re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001); *see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-4, 2:2295 ("In cases seeking injunctive relief, the amount in controversy may be the cost to defendant if such relief is granted.").

15.     In his Complaint, Plaintiff prays for "[i]njunctive relief enjoining Bank of America from charging overdraft fees, or causing overdraft fees to be charged, under their policies as alleged herein and from engaging in the wrongful, deceptive, unfair, and unconscionable practices alleged herein."  Compl. at 17.

16.     BAC, acting through its indirect subsidiary BANA, is one of the nation's largest banks, *see Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*, C.A. No. 14-617-GMS, 2015 WL 4624164, at *1 (D. Del. July 31, 2015), and serves approximately 47 million consumer and small business customers in the United States.[4]

17.     BANA's personal and business customers may be subject to a $35.00 fee for each overdraft or returned item.[5]

18.     Without conceding that Plaintiff is entitled to the injunctive relief (or any other relief) prayed for in the Complaint, an injunction preventing BAC or

---

[3] A different rule applies to putative class or collective actions.  *See In re Ford*, 264 F.3d at 958 ("In *Sanchez*[*v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996)], we observed en banc that '*Ridder* [*Bros. Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)] rejected the 'plaintiff-viewpoint' rule, which states that courts attempting to determine the value of a claim for [equitable relief for] purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the potential loss to the defendant.' . . .  But *Ridder* and *Sanchez* are single-plaintiff cases. . . .  We have specifically declined to extend the 'either viewpoint rule' to class action suits.").

[4] *See* http://investor.bankofamerica.com/phoenix.zhtml?c=71595&p=irol-homeprofile#fbid=F_D76sz8beD (last visited Nov. 17, 2017).

[5] *See* https://www.bankofamerica.com/smallbusiness/resources/business-schedule-fees.go (last visited Nov. 17, 2017); https://www.bankofamerica.com/deposits/resources/personal-schedule-fees.go (last visited Nov. 17, 2017).

NOTICE OF REMOVAL OF DEF.
BANK OF AMERICA CORP.

BANA "from charging overdraft fees" to its personal or business banking customers who have overdrawn their account, *see* Compl. at 17 (Prayer for Relief), would cause a pecuniary loss in excess of $75,000, exclusive of costs and interest.

19.   Because there is complete diversity among the parties and the matter in controversy exceeds $75,000, exclusive of costs and interest, this Court has original diversity jurisdiction over the underlying action.

## **OTHER PROCEDURAL REQUIREMENTS**

20.   *Venue*.  Plaintiff filed this action in the Superior Court of the State of California for the County of Los Angeles, located in Pomona, California.  Pursuant to 28 U.S.C. §§ 1441(a), 1446(a), this action is properly removed to the United States District Court for the Central District of California, Western Division, which embraces Los Angeles County within its jurisdiction.

21.   *Joinder*.  Because there are no other named defendants, no consent to removal is necessary.  The Doe defendants, who have not yet been named or served, need not consent to this Notice of Removal.  *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

22.   *Copy of All Process, Pleadings, And Orders*.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon BAC in the State Court Action are attached hereto as **Exhibit 1**.

23.   *Notice*.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served upon Plaintiff and a copy is being filed with the Clerk of Court for the Superior Court for the State of California for the County of Los Angeles.

NOTICE OF REMOVAL OF DEF.
BANK OF AMERICA CORP.

1

## **CONCLUSION**

2

For the reasons stated above, this action is within this Court's original

3

jurisdiction and meets all requirements for removal, such that removal is proper

4

under 28 U.S.C. §§ 1332, 1441(b), and 1446.  Accordingly, BAC respectfully

5

removes this action from the Superior Court for the State of California for the

6

County of Los Angeles to this Court.

7

8

9

Dated: November 17, 2017         MATTHEW W. CLOSE

10

WILLIAM K. PAO
DANIEL J. TULLY

11

O'MELVENY & MYERS LLP

12

By: /s/ William K. Pao

13

William K. Pao

Attorneys for Defendant Bank of America

14

Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF DEF.
BANK OF AMERICA CORP.